JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200     Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@hotmail.com

Attorneys for Plaintiff DWIGHT BLUEFORD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT BLUEFORD, | Case No. 08-03749 WHA |
| Plaintiff, | **REQUENT AND (PROPOSED) ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION** |
| vs. | |
| CHRIS HARPER, individually and in his capacity as a police officer for the CONTRA COSTA COMMUNITY COLLEGE DISTRICT POLICE DEPARTMENT; and, Contra Costa Community College District police officers DOES 1-10, inclusive, | |
| Defendants. | |

REQUEST OR SERVICE BY PUBLICATION; MEMORANDUM OF POINTS AND

AUTHORITIES

Plaintiff hereby respectfully requests that the Court issue an Order authorizing service of the summons in the above-noted action upon Defendant CHRIS HARPER by publication, since Defendant HARPER is not able to be located despite diligent efforts by Plaintiff's counsel.

Since the date of the subject-incident, Defendant CHRIS HARPER ceased working for the Contra Costa Community College District Police Department. Plaintiff became aware that Mr. Harper no longer worked at the Department when the Department refused to accept service of process

PETITION AND (PROPOSED) ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION- 1

of the Summons and Complaint in the above-noted matter and informed Ralph Hernandez, the private investigator retained by Plaintiff to serve the subpoena, that Defendant HARPER was no longer employed with Contra Costa Community College District Police Department. Mr. Hernandez made at least two attempts to serve the Summons and Complaint upon Defendant HARPER at the Department (in early November and late November), then conducted an investigation to locate Defendant HARPER with as much information as Plaintiff's counsel possesses: That Defendant HARPER's first name is "Chris" and a description of a white male, about 5'11", less than 200 pounds. Unfortunately, Mr. Hernandez's investigation revealed numerous people named "Chris Harper," such that he was unable to identify the Defendant amongst each such person. Plaintiff's counsel then contacted a second private investigator, Steve Gore, to locate the Defendant. Mr. Gore informed Plaintiff's counsel up front that he would need, at a minimum, either Defendant HARPER's middle name or his birthdate in order to locate the Defendant. Plaintiff and Plaintiff's counsel possesses only the information previously described.

   Subsequently, Plaintiff's counsel contacted Susan Sedillo, who is the administrative assistant to the Chief of Police for the CONTRA COSTA COMMUNITY COLLEGE DISTRICT POLICE DEPARTMENT in attempt to obtain either a birthdate or middle name of the Defendant. Ms. Sedillo referred Plaintiff's counsel to the human resources department. An employee there, Sandy McCray, refused to provide any of the requested information to Plaintiff's counsel.

   Then, after receiving no cooperation, on December 19, 2008, Plaintiff's counsel served a subpoena upon the Contra Costa Community College District, which included a notice to consumer attached to the subpoena (Attached as Exhibit A to Declaration of Benjamin Nisenbaum). In response to the subpoena, Plaintiff's counsel received correspondence from Maureen L. Sacks dated January 5, 2009, which objected to the subpoena on a variety of grounds (Exhibit B to Nisenbaum Declaration). Ms. Sacks letter identified a single error in Plaintiff Notice to Consumer (the case name was improperly entitled "Dwight Blueford v. City of Oakland"). Ms. Sack's correspondence indicated that the District would not release records because no notice had been provided to the City of Oakland. In spite of Plainitff's counsel's error on the notice to consumer, it is clear that the subpoena itself is accurate and correctly describes the parties, case name and number, and the

materials sought by Plaintiff's counsel. It is also clear from Ms. Sacks January 5, 2009 letter that the District did in fact have notice of the subpoena. In addition, Ms. Sacks refused to accept service of process on behalf of the Defendant, CHRIS HARPER.

Subsequently, Plaintiff's counsel spoke with Ms. Sacks by telephone, on January 28, 2008. That conversation is memorialized in Plaintiff's counsel's correspondence dated January 28, 2008, to Ms. Sacks following the conversation, addressing the various concerns raised during the telephone conversation (Exhibit C to Nisenbaum Declaration). Ms. Sacks again refused to comply with the subpoena for a variety of reasons, which she set forth in correspondence sent the following day, January 29, 2009 (Exhibit D to Nisenbaum Declaration). Plaintiff's counsel promptly responded to the correspondence, by pointing out that the main concern raised by Defendants was the failure to provide notice to the Defendant, CHRIS HARPER, of the subpoena, which is virtually impossible under these circumstances (Exhibit E to Nisenbaum Declaration). Ms. Sacks replied by correspondence that Plaintiff's seek more information than necessary to serve the Defendant, and reiterated once again that the District will not records without a court order, and that such records could only be released after the defendant's location was verified, he was provided with proper notice, and a possible motion to quash was brought by the Defendant.

However, as is clear from the subpoena and Plaintiff's correspondence, all that Plaintiff is seeking is a way of locating Defendant HARPER to serve him with the summons. Since it is clear that this cannot be done under any reasonable circumstances, Plaintiff requests leave of the Court to allow service of Defendant CHRIS HARPER by publication.

Federal Rule of Civil Procedure 4(e)1 specifically allows service of a summons upon a party by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". Here, since personal service and service by an authorized agent has proven impracticable, if not impossible, Plaintiff seeks to use an method of service authorized by California state law. Pursuant to California Code of Civil Procedure section 415.50(a), a summons my be served by publication if upon affidavit it appears to the satisfaction of the Court that the party to be served cannot with reasonable diligence be served in

another specified manner and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Or:

(2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

In this case, it is clear that Plaintiff has alleged several causes of action against CHRIS HARPER, who is the Defendant sought to be served. Furthermore, Plaintiff's counsel has exhausted all other diligent means of serving Defendant HARPER, with no success, and no cooperation by any agency that could assist in the service of the summons upon Defendant HARPER. Plaintiff has satisfied the requirements of CCP section 415.50, and service by publication is appropriate.

Pursunt to Civil Code section 415.50(b), the Court should order the summons to be published in the Contra Costa Times, since the subject-inicdent occurred in the County of Contra Costa, and the Defendant was employed at the time in the County of Contra Costa by the Contra Costa Community College District Police Department. Such publication is most appropriately calculated to provide notice to Defendant HARPER of Plaintiff's litigation against him.

In the meantime, should counsel for Defendant HARPER agree to accept service of process on his behalf, such an Order will be unnecessary. As the Court is aware, service of process is to be completed by February 12, 2009, upon pain of dismissal of Plaintiff's action.

Respectfully submitted,

Dated: January 29, 2009

/s/ 
Benjamin Nisenbaum
Attorney for Plaintiff
DWIGHT BLUEFORD

PETITION AND (PROPOSED) ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION- 4

(PROPOSED) ORDER

GOOD CAUSE APPEARING, based on the failure to serve Defendant CHRIS HARPER in spite of diligent efforts by Plaintiff's counsel, the Court hereby orders that Plaintiff may serve Defendant HARPER by publication in the Contra Costa County Times pursuant to California Code of Civil Procedure section 415.50

Dated: February 5, 2009



Honorable
United States